UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel A. Steck,

    Plaintiff

v.

Commissioner of Social Security,

    Defendant

Case No. 15-cv-946

MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Daniel A. Steck was denied disability insurance benefits and supplemental security income on October 1, 2013, after a hearing. (Doc. No. 12 at 24-45). Steck asserts the Administrative Law Judge erred in his evaluation of Steck's mental impairments. (Doc. No. 14). The matter was referred to Magistrate Judge James R. Knepp, II for a Report & Recommendation. Magistrate Judge Knepp recommends I affirm the Commissioner's decision to deny benefits. (Doc. No. 18). Steck objected, to which the Commissioner responded. (Doc. Nos. 19 & 20). For the reasons stated below, I adopt the R & R and overrule Steck's objections.

## II. BACKGROUND

I find Magistrate Judge Knepp has succinctly and accurately set forth the procedural and factual background of this case and adopt those sections of the R & R in full. (Doc. No. 18 at 1-9).

Steck first applied for disability insurance benefits and supplemental security income in December 2009, asserting both physical and mental impairments. (Doc. No. 12 at 126). After a

hearing, ALJ Earl Ashford found that Steck was not disabled and denied his application. *Id.* at 126-43. Steck appealed the decision to the Appeals Council, who granted the request for review. *Id.* at 151-53. Among other things, the Appeals Council noted that Exhibit 1E, a school record upon which the ALJ relied, belonged to Steck's son not Steck himself. *Id.* at 151. The Exhibit was redacted from the record and the matter referred back to the ALJ for another hearing and a new decision. *Id.* at 151-53.

Following a subsequent hearing, the ALJ denied Steck's application once again, finding neither his physical nor mental impairments were severe enough to qualify for Social Security benefits. *Id.* at 24-45. In the matter before the court, Steck brings claims only relating to his mental impairments, specifically whether the ALJ erred in finding he was not intellectually disabled under Listing 12.05C. (Doc. No. 14). Magistrate Judge Knepp recommends I affirm the Commissioner's decision to deny benefits. (Doc. No. 18).

### III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If

the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### IV. DISCUSSION

Steck claims to qualify for Social Security benefits under Listing 12.05C for intellectual developmental disorder. (Doc. No. 19). To be considered intellectually disabled under Listing 12.05, the claimant must be diagnostically disabled. 20 C.F.R. pt. 404, subpt. P, app.1 (Sept. 6, 2013-Dec. 2, 2013). Only after he is determined to be diagnostically disabled will the specific factors of Listing 12.05C be considered. *Id.* A claimant is considered to be diagnostically intellectually disabled if he has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22." *Id.*; *see also Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 676-77 (6th Cir. 2009); *Justice v. Comm'r of Soc. Sec. Admin.*, 515 F. App'x 583, 587 (6th Cir. 2013).

As noted in the R &R, there is no dispute that Steck meets the specific requirements of Listing 12.05C. (Doc. No. 18 at 13). The dispute then is whether Steck is intellectually disabled pursuant to the diagnostic description. In his objections, Steck argues that he meets the criterion because he did not graduate high school, is illiterate, and took special education classes. (Doc. No. 19). He objects to the analysis of his education by the ALJ, and the affirmation of the ALJ's finding by Magistrate Judge Knepp. *Id.*

First, Steck argues that the Magistrate Judge erred in finding that he had graduated from high school. The school was destroyed by a tornado in 2010, and many of the records destroyed with it. The only record the school was able to provide is a partial transcript showing his classes through the eleventh grade. (Doc. No. 12 at 443-44). But as noted in the R & R, Steck repeatedly represented himself as being a high school graduate, even stating so in the first hearing. (Doc. No. 12 at 89, 337-

38, 507-08, 1044, 1089, 1207, 1271). Because of his repeated declarations of being a high school graduate, the ALJ did not err in finding Steck had graduated.

Next, in support of his claim of illiteracy, Steck points to the ALJ's erroneous reference to Exhibit 1E, which had been redacted from the record by the Appeals Council. *Id.* at 39, 151-53. The Exhibit was cited in support of the statement, "As noted above, the claimant graduated from high school, passed all his proficiency tests, and subsequently graduated from truck driving school." *Id.* Steck correctly notes that the record, as redacted, does not support the assertion that he took or passed proficiency tests. (Doc. No. 19 at 2). The remaining two assertions are supported by the record. (Doc. No. 12 at 89, 337-38, 507-08, 1044, 1089, 1207, 1271). I find the citation to the Exhibit and the accompanying statement regarding proficiency tests to be a harmless error. *See, e.g., Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (finding the ALJ's erroneous factual finding was a harmless error because there was "substantial evidence" to support the conclusion without it). Here, there is ample evidence to support a finding that Steck is literate, at least to some extent. (Doc. No. 12 at 607, 798, 1199). Specifically, he graduated high school and completed truck driving school. *Id.* at 89, 337-38, 507-08, 1044, 1089, 1207, 1271. He also submitted multiple handwritten requests for medical treatment while incarcerated. *Id.* at 614, 726-42, 828. And, in a fairly thorough diagnostic assessment, under the section entitled "Barriers to Learning," the box next to "None Reported" is checked, leaving that next to "Inability to Read or Write" blank. *Id.* at 1089. The ALJ's finding of literacy is supported by substantial evidence; the brief erroneous reference to the redacted exhibit is immaterial.

Steck's final argument to support his claim of intellectual disability is his enrollment in special education classes. As noted by Magistrate Judge Knepp, there are multiple references to this fact throughout the transcript, including in the record provided by his high school. (Doc. No. 12 at 83, 331, 437-38, 1038, 1265). Contrary to Steck's objections, I do not find the Magistrate Judge's

4

analysis of this finding to be in error. Magistrate Judge Knepp accurately applied the law; special education classes alone are insufficient to establish subaverage intelligence during the developmental stage. *See, e.g., Eddy v. Comm'r of Soc. Sec.*, 506 F. App'x 508, 510 (6th Cir. 2012) (holding there was insufficient evidence when claimant had a history of special education and completed only the eighth grade); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (holding there was insufficient evidence when claimant had a history of special education, completed only the ninth grade, and unsuccessfully attempted to obtain her GED four times). As there is no other evidence of subaverage intelligence during the developmental stages, the ALJ's finding is supported by substantial evidence regardless of whether Steck had a history of special education.

Even if Steck's history of special education was sufficient to establish subaverage intelligence, his adaptive skills are not consistent with a finding of intellectual disability. Adaptive skills include social, communicative, and daily-living skills. *Hayes*, 357 F. App'x at 677. In *Justice*, the claimant had taken special education classes, dropped out of school in the ninth or tenth grade, and been found to be of subaverage intelligence. 515 F. App'x at 587. He was denied benefits because the court found he had no deficit in adaptive functioning, citing his "lengthy work history [in] skilled and unskilled positions" along with his ability to "adequately manage activities of daily living." *Id.* Here, Steck has also been trained in and performed several different types of work. (Doc. No. 12 at 424-25, 1044-45). He has maintained social relationships, raising a large family with his ex-wife and living with his long-time girlfriend, and served his community as a volunteer firefighter. *Id.* at 1043-47, 1067-68, 1089, 1207. Finally, he has been relatively self-sufficient over the course of his life, currently having the ability to drive and care for himself to some extent, and managing his own money in the past. *Id.* at 89, 1043, 1047. Therefore, I find Steck did not have a deficit in adaptive functioning initially manifested during the developmental period sufficient to qualify for benefits as intellectually disabled.

5

## V.     Conclusion

The ALJ's finding that Steck is not intellectually disabled under Listing 12.05C is supported by substantial evidence. Steck's objections to the R & R are overruled and the Commissioner's decision to deny benefits affirmed, as recommended by Magistrate Judge Knepp.

So Ordered.

                                                      s/ Jeffrey J. Helmick
                                                      United States District Judge